## No. 514.

### W. W. HARPER *v.* H. LINMAN. NEITH LODGE, Third Opponent.

As a general rule the sale of property by the probate court transfers the mortgage from the thing sold to the proceeds in the hands of the administrator, but this applies only to the sale of the property of the deceased. In the case at bar, at least one-half of the mortgaged property belonged to the defendant, the surviving husband, and the value of this half exceeds the amount of the mortgage of the third opponent. The sale of defendant's property by the probate court certainly did not raise the mortgage of the third opponent thereon.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney,* J. *Land & Taylor,* for plaintiff and appellee. *Egan & Wise,* for third opponent and appellant.

WYLY, J. This is a controversy between mortgage creditors for the proceeds of the sale of certain property belonging to the defendant. Cristine Linman, the wife of the defendant, died in 1871, and her husband was appointed administrator of her succession. The property in question, to wit: Two lots of ground in the city of Shreveport, with the improvements thereon, were inventoried as belonging to the community. The third opponent was a community creditor, having a special mortgage on said lots. After a tableau of debts had been homologated, showing that the community was insolvent, all of the community property, including the lots upon which the third opponent held a mortgage, was sold by order of the probate court, and Harper, the plaintiff, purchased it. He subsequently conveyed it to the defendant, Linman, the husband of the deceased and the surviving partner in community, retaining a special mortgage to secure the price. The defendant failed to pay the price and the plaintiff foreclosed his mortgage. Thereupon the third opponent, a conventional mortgage creditor, intervened and claimed of the proceeds a sufficient amount to satisfy the mortgage of said opponent.

The court dismissed the opposition and gave judgment in favor of plaintiff. The third opponent has appealed. As a general rule the sale of property by the probate court transfers the mortgage from the

thing sold to the proceeds in the hands of the administrator; but this applies only to the sale of the property of the deceased. In the case at bar at least one-half of the mortgaged property belonged to the defendant, the surviving husband; and the value of this half exceeds the amount of the mortgage of the third opponent. The sale of defendant's property by the probate court certainly did not raise the mortgage of the third opponent thereon. Whether the sale raised the mortgage on the other half, or whether it only amounted to an alienation of the residuary interest of the wife in the community, it is not necessary now to decide.

The evidence shows that prescription was interrupted.

It is therefore ordered that the judgment herein be annulled, and it is ordered that there be judgment in favor of the third opponent, the Neith Lodge, No. 21 I. O. O. F., requiring the sheriff to pay the demand thereof out of the proceeds of the sale of the property mortgaged to said opponent. It is further ordered that the plaintiff pay costs of this proceeding in both courts.

Rehearing refused.